IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kevin Neil Lobdell, ) | |
| ) | Case No.: 1:20-cv-00982 |
| Plaintiff, ) | |
| ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | Magistrate Judge Sunil R. Harjani |
| Superior Metal Products, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S ANSWER AND DEFENSES TO
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant Superior Metal Products, Inc. ("SMP"), by and through its attorneys, Nadine C. Abrahams and Priya P. Khatkhate of Jackson Lewis P.C., submits the following answer and defenses to Plaintiff's Amended Complaint.

1. Plaintiff did properly file a complaint with the EEOC and it was investigated. (See Attached). Plaintiff received his Right to Sue in November of 2019 and was given 90 days to file his lawsuit. Plaintiff spend most of those 90 days searching for an attorney to represent him, to no avail. Attorney Edwardo Gil assisted Plaintiff in his search, telling Plaintiff he should not file this case himself. Near the end of the 90 days, Plaintiff was told by another lawyer to get the case filed, even if Plaintiff had to file it himself.

**ANSWER:** SMP admits that on or about September 27, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights ("IDHR") and that the EEOC issued a right-to-sue notice on the Charge dated November 12, 2019. SMP further admits that Plaintiff had 90 days to file this lawsuit. SMP denies that Plaintiff attached his EEOC Charge to the Amended Complaint. SMP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Plaintiff also filed his complaint with the Illinois Department of Human Rights. Their investigation is still ongoing.

**ANSWER:** SMP admits that on or about April 27, 2020, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights which was cross-filed with the EEOC in which he alleged discrimination based on his sex and retaliation. SMP further admits that such Charge is still pending before the IDHR. SMP denies the remaining allegations in Paragraph 2. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

3. Plaintiff began working at Superior Metal Products in September of 2018, as a machine operator. Plaintiff did his job to the best of his ability every day and his rates were always on track. The Quality Control Supervisor or shop foreman did not check his rates. When Plaintiff asked her, the quality control supervisor Maribel Perez, why they didn't check his rates she told him he was doing fine and didn't need to have his work checked. Within two months of his being hired, Plaintiff was doing so well at his position as machine operator that the plant manager, Jim Popek moved Plaintiff to floater. As a floater he worked in many areas of the company including shipping, delivery driver, inventory clerk, fork lift driver and other areas where an extra hand was needed. Plaintiff did not receive any complaints about his work from the plant manager, owners, or any other supervisors in the plant.

**ANSWER:** SMP admits that it hired Plaintiff on or about October 22, 2018, as a part-time press operator. SMP further admits that Plaintiff's job duties were varied during his time working for SMP and that Plaintiff did not receive complaints about his work from the plant manager, owners, or other supervisors in the plant. SMP lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he did his job to the best of his ability every day, as well as the allegations that he asked quality control supervisor Maribel Perez "why they didn't check his rates," and that she responded that "he was doing fine and didn't have to have his worked checked." SMP denies the remaining allegations in Paragraph 3.

4. The management and owners of Superior Metal Products are white, and everyone on the shop floor is Mexican other than plaintiff and the truck driver. Plaintiff believes that race played a part in this complaint as while plaintiff was doing all the jobs he was assigned to do everything was ok with upper management. When it was seen that plaintiff associated well with

the other workers that were nonwhite is when the trouble began and the accusations of plaintiff having sex with Maribel Perez a Mexican woman began. This opened the door to reverse discrimination.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore Paragraph 4 requires no response. To the extent any response is required, SMP admits that its owners identify as white or Caucasian. SMP lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that "the management" is white, or whether Plaintiff believes "that race played a part in this complaint." SMP denies the remaining allegations in Paragraph 4. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

5. Plaintiff was told from the beginning of his employment that he was always welcome to come to the office and voice any concerns he had to Beth and Brian. They were very agreeable and listened to the concerns he had about safety issues and other problems in the plant. When the investigation to the sexual harassment complaint was concluded and Jim Popek was found guilty plaintiff was denied admittance to the front office.

**ANSWER:** SMP admits that all employees are encouraged to report discriminatory or harassing conduct to the company, and that Beth Warren and Brian Warren, the owners of SMP, listen to employee concerns about workplace safety and other issues. SMP admits that Beth Warren and Brian Warren listened to any concerns Plaintiff raised. SMP denies the remaining allegations in Paragraph 5. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

6. In December 2018, the staff of Superior Metal Products had a Christmas party, which many of the staff members attended. A few days after the party, the plant manager Jim Popek accused Plaintiff of f***ing coworker Maribel Perez. Jim was allegedly told by another female coworker that Ms. Perez was sitting on Plaintiff's lap at the Christmas party, and Jim told Plaintiff "I know you are f***ing Maribel." Plaintiff told Jim he was not f***ing Maribel and his sex life was none of Jim's business.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore Paragraph 6

3

requires no response. To the extent a response is required, SMP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

7. Plaintiff was harassed for months by Jim, until Plaintiff went to Maribel and told her he was going to file a complaint with ADP for sexual harassment, per the company guidelines. Maribel, who is a Mexican woman, told Plaintiff she had been sexually harassed by Jim for the past 3 years, and her complaints to the owners went unanswered. Maribel also stated her sister had been sexually harassed by the previous plant manager and her complaints were ignored by the owners. Plaintiff filed a sexual harassment complaint with ADP with Maribel Perez as a cocomplainent [*sic*]. The complaint was investigated and Jim was found guilty of sexual harassment but there was no discipline given as far as plaintiff knows.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegation that Plaintiff was harassed for months by Jim Popek requires no response. To the extent a response is required, SMP admits that Plaintiff filed a complaint with ADP TotalSource in which he alleged that Jim Popek was sexually harassing him. SMP lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his purported private conversations with Maribel Perez. SMP denies the remaining allegations in Paragraph 7. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

8. Plaintiff believes he was racially discriminated against, under Title VII of the Civil Rights Act of 1964, because he was a white male trying to allegedly have sex with a Mexican woman and that issue went against the personal beliefs of Jim Popek. Plaintiff was always treated better than the other shop floor workers even though he was just a part-time shop worker, because he is a white male. The Mexicans working for Superior Metal Products were treated poorly and their complaints were ignored. Plaintiff comes in as a white male, doing the same quality of work as the Mexicans, but he was promoted within two months. However, once Jim felt the Plaintiff was trying to sleep with a Mexican woman, Plaintiff was just a "man slut" and he was no better than the Mexicans he was hanging out with.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegations of Paragraph 8 require no response. To the extent a response is required, SMP lacks knowledge or

4

information sufficient to form a belief as to the truth of what Plaintiff purportedly believes. Defendant denies the remaining allegations of Paragraph 8 and further denies any violation of federal, state, or local law or that Plaintiff is entitled to any relief.

9. Once the investigation was concluded, and Jim was found guilty of sexual harassment, the retaliation began. The ADP investigator sent all her private correspondence with Plaintiff to the owners and plant manager. Jim was able to see what Plaintiff's complaint was and the witnesses against Jim. He was able to retaliate against those people and he did. Shortly after the close of the investigation, Plaintiff's hours were reduced from 25 to 15 hours per week. The only other people whose hours were cut were the witness in the sexual harassment complaint and the Italian man in shipping. Plaintiff was also demoted to production, and he was no longer used as a floater in other areas of the shop. The shop delivery driver asked Jim if he could use Plaintiff to fill in for him for a day, and Jim said "Kevin is no longer allowed to drive for you." Plaintiff's break time was changed so he was no longer able to "associate with the Mexicans." He was isolated from his coworkers and treated as "just another Mexican" because Plaintiff was associating with and allegedly sleeping with a Mexican woman. Plaintiff, for lack of a better explanation, was stripped of his white privilege because he filed a complaint for sexual harassment that pertained to him having sex with a Mexican woman.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegations of Paragraph 9 related to such alleged claims require no response. To the extent a response is required, SMP denies that Plaintiff was subjected to any gender or race/national origin discrimination. Answering further, SMP denies that it or Jim Popek retaliated against Plaintiff at any time during his employment. SMP states that in June 2019, the company reduced the hours of all operations employees due to a work slowdown, and admits that Plaintiff's hours were reduced from 25 per week to 15 per week as a result. SMP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]he shop delivery driver asked Jim if he could use Plaintiff to fill in for him for a day, and Jim said 'Kevin is no longer allowed to drive for you.'" SMP denies the remaining allegations in Paragraph 9. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

10. Plaintiff voiced concerns to Beth and Brian Warren when he discovered Jim was applying for his conceal carry permit. This was shortly after the shooting in Aurora, Illinois at Henry Pratt in February 2019. Beth stated Jim had a right to carry a gun to work but she did put a sign on the shop door "No Guns." This meant Jim could not carry the gun into the shop but could carry it to work and keep it in his car. Plaintiff was told by the Warrens that Jim had military training and was within his rights to carry a gun to work. This issue only exacerbated the current circumstances and put plaintiff's safety at risk and further placed plaintiff in a position of fear every day he went to work.

**ANSWER:** SMP denies the allegations of Paragraph 10. SMP further denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief.

11. This accusation of being a promiscuous person violates his right to privacy and invades his sex life. What he does sexually outside of the work place and who he does it with and of whatever race he chooses to have sex with is not the concern of the plant manager or any other person in the work place. His sexual preference based on his gender is his own choice and he is not to be discriminated against in the work place or any other place for that matter. Illinois has a zero tolerance policy against sexual harassment in the work place and Jim Popek, the plant manager, crossed that line by accusing Plaintiff of having sex with a Mexican female coworker without proof and without the right to do so. Plaintiff is protected under the law in being able to defend himself against sexual comments or allegations in the workplace that are not allowed and that slur his person, as in referring to him as a "man slut" and insult his gender and reputation.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegations of Paragraph 11 require no response. To the extent a response is required, SMP denies the allegations in Paragraph 11 and further denies any violation of federal, state, or local law or that Plaintiff is entitled to any relief.

12. Plaintiff was sexually harassed and discriminated against based on his race and gender under Title VII of the Civil Rights Act of 1964. Plaintiff was one of only two white males on the shop floor. The other white male was the truck driver, who by his own admission only has a 6th grade education. The Plaintiff is a middle-class white male with a college education. All the other shop workers are Mexican, including the shop foreman and quality control supervisor. The plant manager and owners are middle-class white males, except the owner's wife. There are no other white people in the production area. Plaintiff was treated as "one of the boys" in the "elite white circle." He was promoted within just two months of starting at the company, and he was doing jobs the Mexicans were not allowed to do, even though they were with the company a lot longer.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegations of Paragraph 12 require no response. To the extent a response is required, SMP denies the allegations in Paragraph 12 and further denies any violation of federal, state, or local law or that Plaintiff is entitled to any relief.

13. Plaintiff was stripped of his "white privilege" as soon as the plant manager Jim Popek thought Plaintiff was sleeping with a Mexican woman. Plaintiff was constantly accused of "f***ing Maribel", implying Plaintiff was nothing more than a man slut looking for sex from a Mexican woman. When the Mexican women in the shop were being harassed they complained to Brian Warren to no avail. Any concerns they had about the shop were also ignored. Once Plaintiff began to talk with the Mexican women during breaks and outside work, it was assumed by Jim Plaintiff was trying to get sex from them. Jim treated the Plaintiff as if he were just another Mexican working in the shop and the owners no longer listened to Plaintiff's complaints.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegations of Paragraph 13 require no response. To the extent a response is required, SMP denies the allegations in Paragraph 13 and further denies any violation of federal, state, or local law or that Plaintiff is entitled to any relief.

14. Plaintiff was expected to discuss his sexual conquests as "one of the boys" but instead Plaintiff was offended by Jim's accusations. This is gender discrimination because it is culturally expected that men discuss their sexual prowess in the workplace and brag about who they are sleeping with or trying to sleep with. This presupposes that plaintiff is a manslut and not a person respectful of the female gender. Plaintiff was not "one of the boys" because he did not appreciate Jim's accusations and filed a sexual harassment complaint.

**ANSWER:** The Court dismissed Plaintiff's gender and race/national origin discrimination claims in its September 14, 2020 Order (Doc. 25), and therefore the allegations of Paragraph 14 require no response. To the extent a response is required, SMP denies the allegations in Paragraph 14 and further denies any violation of federal, state, or local law or that Plaintiff is entitled to any relief.

**DEFENSES**

1. Assuming, *arguendo*, that Plaintiff is able to establish that any unlawful reason was considered by any of the decision-makers in this case, Defendant would have made the same decisions even in the absence of any alleged unlawful consideration.

2. Plaintiff's claims of damages must be eliminated or reduced to the extent that he is, has been, or will be compensated from collateral sources.

3. To the extent that Plaintiff makes any claims in this action that are not encompassed by his Charges, those claims are barred due to his failure to exhaust administrative remedies.

4. If any allegations of unlawful conduct are true, Defendant's employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside of the scope of their employment.

5. Plaintiff has failed to exhaust his administrative remedies relative to his Charge of Discrimination pending before the Illinois Department of Human Rights.

6. Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned, or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's damages claims must be reduced.

7. Defendant engaged in good-faith efforts to comply with Title VII, and therefore cannot be held liable for punitive damages.

Dated: February 25, 2021 Respectfully submitted,

**SUPERIOR METAL PRODUCTS, INC.**

By: \s\ Nadine C. Abrahams
 One of Its Attorneys

Nadine C. Abrahams
Priya P. Khatkhate
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel: 312.787.4949
Fax: 312.787.4995
Email: Nadine.Abrahams@jacksonlewis.com
 Priya.Khatkhate@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Nadine C. Abrahams, certify that on February 25, 2021, I caused a true and correct copy of the foregoing *Defendant's Answer and Defenses to Plaintiff's Amended Complaint* to be filed with the Court by electronic filing protocols, and that same was sent via U.S. Mail to:

Kevin Neil Lobdell
117 W. Market Street, Box 142
Somonauk, Illinois 60552

/s/ Nadine C. Abrahams